\_\_\_ FILED  \_\_\_ ENTERED
\_\_\_ LODGED \_\_\_ RECEIVED

JUN 27 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEX ORTIZ,<br><br>Defendant. | NO. CR24-079 KKE<br><br>**PLEA AGREEMENT** |

The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorneys Casey S. Conzatti and Elyne M. Vaught of the Western District of Washington and Alex Ortiz and Mr. Ortiz's attorney Jeffrey Kradel enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

   a. Conspiracy to Distribute Controlled Substances, as charged in Count 1 of the indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

Plea Agreement - 1
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of Conspiracy to Distribute Controlled Substances, as charged in Count 1 of the indictment, to which Defendant is pleading guilty are as follows:

   a. Beginning at a time unknown, but within the past five years, and continuing until on or about May 8, 2024, there was an agreement between two or more persons to distribute controlled substances including methamphetamine, and fentanyl

   b. The Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

   a. For the offense of Conspiracy to Distribute Controlled Substances, as charged in Count 1 of the indictment: A maximum term of imprisonment of up to 20 years, a fine of up to $1,000,000, a period of supervision following release from prison of at least three years, and a mandatory special assessment of one hundred dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 2
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's

Plea Agreement - 3
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar

Plea Agreement - 4
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.    **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense. The parties agree on the following facts:

    a.    Beginning at a time unknown, and continuing until at least May 8, 2024, the defendant, Alex Ortiz, conspired with others known and unknown to distribute controlled substances, including fentanyl and cocaine, within the Western District of Washington.

    b.    The conspiracy is established by court-authorized interception of wire and electronic communications; surveillance; seizure of drugs and cash; search warrants; undercover purchase; and other evidence, only some of which is outlined below.

Plea Agreement - 5
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. Mr. Ortiz was responsible for maintaining and distributing controlled substances, including cocaine, to his co-conspirators at the direction of other co-conspirators, as well as collecting proceeds from the sale of controlled substances.

d. On February 11, 2024, investigators intercepted a phone call between Mr. Ortiz and co-defendant David Padilla. During the call, Mr. Padilla told Mr. Ortiz that co-defendant Hector Duran Aldaco was going to come to the house and get "one" [one kilogram of cocaine]. Mr. Padilla told Mr. Ortiz that Mr. Duran Aldaco was then going to take it to Shoreline, and the return with the money to pay for the kilogram. During that same call Mr. Padilla told Mr. Ortiz that a third individual was going to be at their house and drop off a second kilogram of cocaine. Mr. Ortiz was responsible for providing the controlled substances to Mr. Duran Aldaco for redistribution and collecting the proceeds from Mr. Duran Aldaco.

e. On May 14, 2024, investigators executed search warrants at a number of locations associated with members of the DTO, including Mr. Ortiz's residence which he also shared with Mr. Padilla at 31804 47th Avenue South, Auburn, WA 98001 (hereinafter the Auburn residence). In Mr. Ortiz's room investigators located approximately $427 in U.S. currency. Investigators also located approximately $4,538 in U.S. currency from a drawer in a common area and approximately $955 in U.S. currency from another bedroom at the residence. Mr. Ortiz admits that this seized currency, totaling approximately $5,920, was his proceeds of the drug trafficking conspiracy. During the search, investigators also seized one Colt Buntine Revolver, one Palmetto AK-47 Rifle, one Panzer Arms Bull Pup Shotgun, one Beretta 92X Pistol, one Smith & Wesson M&P P15 Rifle, one FNMI FNP9 Pistol, one MFG BCM4 Rifle, one Glock 19 Pistol, fourteen rounds of ammunition, and six magazines in various rooms throughout the residence, all of which facilitated the charged conspiracy to distribute controlled substances.

Plea Agreement - 6
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. A base offense level of 24 as the relevant conduct involved at least 500 grams but less than two kilograms of converted drug weight, pursuant to USSG § 2D1.1(c)(8);

    b. A two-point increase, as a dangerous weapon was possessed pursuant to USSG § 2D1.1(b)(1).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the

Plea Agreement - 7
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term no higher than 36 months. Defendant agrees to recommend a term of imprisonment of at least 12 months and one day. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, that constitutes proceeds of, and/or facilitated, his commission of Conspiracy to Distribute Controlled Substances, as charged in Count 1 of the Indictment. This property is subject to forfeiture pursuant to Title 21, United States Code, Section 853, and includes, but is not limited to, the following property:

    a. $5,920 in U.S. currency, seized on or about May 14, 2024, from Defendant's residence, located at 31804 47th Avenue South, Auburn, Washington; and

    b. The following firearms and associated ammunition and accessories, seized on or about May 14, 2024, from Defendant's residence, located at 31804 47th Avenue South, Auburn, Washington:

        i. One Colt Buntine Revolver;
        ii. One Palmetto AK-47 Rifle;
        iii. One Panzer Arms Bull Pup Shotgun;
        iv. One Beretta 92X Pistol;
        v. One Smith & Wesson M&P P15 Rifle;
        vi. One FNMI FNP9 Pistol;

Plea Agreement - 8
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

|   |   |   |   |
|---|---|---|---|
| 1 | | vii. | One MFG BCM4 Rifle; |
| 2 | | viii. | One Glock 19 Pistol; |
| 3 | | ix. | Fourteen rounds of ammunition; and |
| 4 | | x. | Six magazines |

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated, and agrees not to assist anyone else in making a claim to this property.

Defendant acknowledges that, in addition to the above-referenced $5,920 that law enforcement seized from Defendant's residence, law enforcement also seized approximately $22,569 from elsewhere in Defendant's residence during the search. Defendant agrees not to file a claim to this $22,569 in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated, and agrees not to assist anyone else in making a claim to this currency.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest, if that property facilitated and/or constitutes proceeds of his commission of the offense of Conspiracy to Distribute Controlled Substances, as charged in Count 1.

13. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, or any other firearms, ammunition, or magazines, that were in Defendant's direct or indirect control, Defendant

Plea Agreement - 9
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

consents to the federal administrative disposition, official use, and/or destruction of that contraband.

14. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of

Plea Agreement - 10
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the

Plea Agreement - 11
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

19. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This

Plea Agreement - 12
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 27th day of June, 2025.

_____
ALEX ORTIZ
Defendant

_____
JEFFREY KRADEL
Attorney for Defendant

_____
VINCENT T. LOMBARDI
Assistant United States Attorney

_____
CASEY S. CONZATTI
ELYNE M. VAUGHT
Assistant United States Attorneys

Plea Agreement - 13
United States v. Alex Ortiz, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970